Let's see, are you Mr. Hretka? No. Oh, there you are. I'm sorry, I hadn't seen that you were in. The next case is number 087025, Rose Rowling against the Secretary of Veterans Affairs. Mr. Hretka, are you ready? On appeal for this court is jurisdiction to review compliance with statutory regulations not factual determinations by the Board of, I'm sorry, the Court of Appeals of Veterans Claims. What we've come here today is to discuss whether the remand order that was given in as a matter of law, because in the Steedle case it was determined that these decisions were to comply with as a matter of law for the people receiving the remand. How do you deal with the Diamond case that basically says this court lacks jurisdiction to review whether a remand order was complied with? Isn't that the central question in this case? On the basis of our authority or lack of it, to review the application of law to facts and factual questions, which is what it looks as if was decided on remand. Well, yes, Your Honor, it could be that way, but because of the, as a matter of law, if the remand order wasn't complied with, then there is an issue that goes beyond the factual nature. So if we answer that question, yes, we should dismiss this case. Yes, it comes down to that. Is there any other answer? I'm not trying to be too hard on you, but to me, you hit a roadblock the minute you opened the brief. There is a roadblock, and if this was an independent medical evaluation under 7109, this court has found those to be statutorily non-compliant, but in this case, I'm afraid we'll just have to rely on the Steedle and see what standard this court will be able to review it by if there's anything beyond the factual measure of reviewing a remand order. Well, but if all you're complaining about is failure to obey the dictates of the remand order, I think it's quite clear we don't have jurisdiction here. Whether it was right or wrong is irrelevant if it's a matter of jurisdiction. Yes. It is deburdened and... If in fact on remand there were some violation of a constitutional right, our statute provides breadth for such review, but I didn't see such an issue arising in this remand. Wasn't it really entirely on what was done, how competently it was done, and whether the Yes, Your Honor, it does come down to that. There were no constitutional issues raised so that the simple words of the remand order would be applied in a factual manner. Okay. Well, tell you what, let's hear from the other side, and if he raises some points you can argue with, we'll take them up on rebuttal. Thank you. Okay, Mr. Hockey. May I please court? There must be, we know that there is some point at which factual issues do reach this court when in fact there is something sufficiently egregious to involve issues of due process. How does one know when that boundary has been crossed? I mean, it would have to happen in a particular case. As the court indicated, 7292 is very explicit about where this court can go in and look at a factual question, and it's limited to the constitutional issue that Your Honor suggested a moment ago, and just now again with the due process reference. So, under the plain language of the statute, where a constitutional issue is raised, then this court would be able to go in and look at the factual aspects of that. Was there any constitutional issue raised in this case? Not in this case, no. This is a straightforward argument about whether or not the remand order, the board issue, was complied with by the independent medical examination, and the arguments that were raised before the Veterans Court were all about the level of detail contained in the independent medical examination. The Veterans Court examined that issue and concluded that the remand order was satisfied, and the Veterans Court's open standard is substantial compliance under the Stegall decision. So if we're remanded for further medical evaluation, and the board says, don't bother us with details, we like the first one. Pardon me? There is a point at which there could be an issue, even if not in this case. You're not telling us that it's not reviewable. I'm not sure where that issue would be within the spirit of whether a remand order was complied with. I suppose in the craziest of hypothetical examples where I'm not even, I don't even know. I mean, where the board, see the board issues its own remand orders, like it did in this case. It sends it back to the regional office for further development, the obtaining of a medical examination in this case, and in most cases, something like that. So the board has, obviously, its own interests like this court would have when it remands a case to make sure that its orders are followed. And so the board looks at what the regional office did and makes a determination, yes or no, you didn't or did satisfy my remand order. And I can say anecdotally, in being involved in Veterans Matters for 15 years, the board is not pleased when the regional office doesn't comply. And you see multiple, and this court as well, where you see multiple remand orders from the board to make sure that its orders are followed. And the Veterans Court is the same way. The Veterans Court looks at these under their Stiegel test and concludes whether or not the board's decision that its own remand order was complied with was proper. So there's a double layer of review here with these remand orders that's available to the veteran claimant. So the chances of something sort of getting through that, I have to say, would be very, very, very, very slim. That's true. We see very few of that sort of issue, but I don't think it's foreclosed, although I think counsel for unenrolling agrees not in this case. I mean, setting aside sort of constitutional process, the Veterans Court already has its own decision starting with the Thurber decision, one of the first decisions that's issued years ago, talking about the process that's due. And so these kinds of issues are dealt with and very familiar to both the board and the Veterans Court. And I think that's why this court in Diamond ruled that when it gets up to this court, what we're really just arguing about is the weight of the evidence, and that's something that Congress said this court can't review. This case is no exception to that. Okay. Any more questions for Mr. Jackson? Thank you. Any more questions for Mr. Hockey? Thank you, Mr. Hockey. Mr. Ratka, you have the last word, if you wish it. Your Honor, there have been instances where this court has found that remand orders and independent medical evaluations statutorily do not comply with the grants given to it by the statutory authority. And, for example, 7109 is one case where this court rejected a medical opinion and brought it back to be looked at. So the student compliance is there, but as a matter of law, this court does have an opening to review that, the compliance with the remand order. Okay. We will take it under advisement. Thank you, Mr. Ratka. Thank you both. The case is taken under submission. The other three cases being considered this morning will be considered on the briefs. All rise. The honorable court is adjourned until tomorrow morning at 10 o'clock. Thank you.